IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

JAN 28 2020

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| ALBERTO GUILLEN,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | CV 19–22–M–DLC–KLD<br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued an Order and Findings and Recommendation in this case on November 5, 2019, recommending that the Court deny Petitioner Alberto Guillen's petition for writ of habeas corpus for lack of merit. (Doc. 10.) Guillen filed an Objection to the Findings and Recommendation, which the Court deems timely. (Doc. 11.) Consequently, Guillen is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and

firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto identified eight potential routes to relief in Guillen's petition. (Doc. 10 at 7–8.) She then analyzed whether any of Guillen's claims met the deferential standards required under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), separating Guillen's claims attacking the state court's findings of facts from those alleging that the Court erred in its analysis of law. Guillen largely restates his petition in his Objection, arguing again that the state court's adjudication of his state petition for postconviction relief involved both an unreasonable determination of the facts and an unreasonable application of clearly established law. Reviewing de novo, the Court overrules Guillen's Objection in its entirety and adopts Judge DeSoto's Findings and Recommendation.

Guillen objects to Judge DeSoto's recommendation that the Court deny for lack of merit those claims brought under 28 U.S.C. § 2254(d)(2), in which Guillen alleged that the Montana Supreme Court's adjudication of his petition for postconviction relief rested on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Guillen argues that the facts developed before the state trial court conclusively prove that he is innocent of the relevant crime of conviction. Guillen pled guilty to attempted mitigated

deliberate homicide after he drove his van over his brother, Roberto. Roberto testified during the state postconviction proceeding that he believed the incident was in fact an accident for which he bore partial responsibility.

The state court's findings of fact regarding Roberto's testimony are not "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Affirming the state district court's rejection of Guillen's petition, the Montana Supreme Court noted that the "testimony, to which the District Court attributed little value based on Roberto's lack of credibility, simply provides somewhat circumstantial evidence tending to negate the element of mens rea." *Guillen v. Montana*, 415 P.3d 1, 5 (Mont. 2018). Given the weight of evidence supporting Guillen's guilty plea, the state court did not "unreasonabl[y]" find Roberto's testimony insufficient to set aside Guillen's conviction. 28 U.S.C. § 2255(d)(2). The Court overrules Guillen's objection to the state court's factual findings.

Guillen also objects to Judge DeSoto's recommendation that the Court deny for lack of merit Guillen's claims that the adjudication of his state petition for postconviction relief "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2255(d)(2). Guillen argues that the state court erred in its application of *Strickland v. Washington*, 466 U.S. 668

(1984). Guillen's allegations of ineffective assistance of trial counsel arise from trial counsel's failure to use Roberto's testimony to Guillen's advantage either prior to Guillen's change of plea or at sentencing.

The state court's adjudication of Guillen's petition is not incompatible with *Strickland*. Trial counsel made tactical decisions to: (1) recommend that Guillen plead guilty to a lesser offense given the existence of three eyewitnesses (other than Roberto), who believed that Guillen's operation of the van was deliberate; and (2) avoid presenting Roberto—a sympathetic, wheelchair-bound victim—to the sentencing court, particularly because Roberto's feelings toward his brother appear to have been less forgiving at that time than they were years later during the post-conviction proceeding. The state court accurately stated the law and found that neither prong of the *Strickland* test was met; even if trial counsel's choices could not be described as reasonable tactical decisions, there was no showing that "a reasonable probability exists that [Guillen] would not have pleaded guilty" in light of the strong evidence supporting conviction. Applying AEDPA deference, the Court sees no error in the state court's adjudication of Guillen's petition for postconviction relief. Guillen's objection to the state court's legal analysis is overruled.

The Court finds no clear error in the remaining portions of Judge DeSoto's Findings and Recommendation. The Court does not find that "jurists of reason could disagree with [its] resolution of [Guillen's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 357 U.S. at 327. Thus, the Court adopts Judge DeSoto's recommendation to deny a certificate of appealability.

Accordingly, IT IS ORDERED:

(1) Judge DeSoto's Findings and Recommendation (Doc. 10) is ADOPTED;

(2) Guillen's Petition (Doc. 1) is DENIED for lack of merit;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner.

DATED this 28th day of January, 2020.

Dana L. Christensen, Chief Judge
United States District Court